[Civ. No. 3811.   Third Appellate District.—November 15, 1930.]

# H. WILLIAMS et al., Appellants, v. J. H. HINCKLEY et al., Respondents.

William Ellis Lady, *in pro. per.*, for Appellants.

J. A. Chase and William M. Hiatt for Respondents.

MR. PRESIDING JUSTICE FINCH Delivered the Opinion of the Court.—The trial court sustained demurrers to the amended complaint herein without leave to amend and thereafter entered judgment in favor of the defendants for costs. The plaintiffs have appealed from the judgment.

The plaintiffs attempted to state a cause of action to establish a trust in their favor in an oil and gas lease given by the defendants E. M. and Elizabeth Carlisle to the defendant Hinckley on the third day of December, 1926. The complaint alleges in substance that during the year 1923 the Carlisles executed an oil and gas lease to F. G. Bogle, who was merely a dummy for defendant Hinckley, covering a section of land, excepting twenty acres thereof; that the lease was not delivered until July, 1924; that as a part of the transaction between the parties to the lease, it was mutually understood and agreed that Bogle would execute to E. M. Steele a sublease covering the south half of the section of land, for which the Carlisles and Hinckley received a valuable consideration from Steele; that the plaintiffs have succeeded to all of Steele's rights under the sublease; that, for the purpose of defrauding the plaintiffs, the Carlisles and Hinckley entered into a plan or scheme, at a time "not later than the 3rd day of December, 1926", to bring about the forfeiture of the Bogle lease, by failing "to perform the terms and/or provisions" of that lease and, "in furtherance of said plan or scheme, . . . on or about the 3rd day of December, 1926, F. M. Carlisle and Elizabeth Carlisle made, executed and delivered to defendant Hinckley an oil and gas lease, . . . covering the south half" of said section.

It clearly appears from the allegations of the complaint that the plaintiffs' rights, if any, are dependent upon the terms of the sublease. It is not alleged that Bogle assigned to Steele any interest in the lease of 1923, but the allegation is that Bogle executed and delivered to Steel "a sublease agreement, covering the south half of said section".

"The distinction between an assignment of a lease and a subletting is important and well recognized. A transfer of the whole leasehold, leaving no reversionary interest in the transferor, is an assignment and not a subletting,

no matter what the parties may call it, or what sort of instrument they may employ to give it effect. This is the rule, whether the transfer covers the whole, or only a part, of the premises. On the other hand, a transfer by a tenant of an estate in the whole premises less than that which he has himself, leaving a reversion in him, is a sublease, making the transferee a tenant of the transferor." (15 Cal. Jur. 745.)

The complaint is entirely silent as to the terms of the sublease or the length of the term thereof. Neither is it alleged that the plaintiffs or their assignors have performed any of the terms of the sublease. The term of the sublease may have expired long prior to the commencement of the action and prior to the alleged wrongful acts of the defendants. As said in respondents' brief, there is "no allegation in the complaint that the interest claimed by appellants is or was at the time of filing the complaint, a valid, existing and continuing right". It being impossible to ascertain from the allegations of the amended complaint what the plaintiff's rights are, if any, it failed to state a cause of action.

Appellants contend that they should have been permitted further to amend, but the record fails to show that they desired or asked permission to make further amendments, nor does it appear that they did not have an opportunity to ask leave to amend after the demurrers were sustained and before the entry of judgment. "A plaintiff may not amend as a matter of right, and in order to be in a position to complain upon appeal of an abuse of discretion in sustaining a demurrer without leave to amend, he must ask permission to amend" (21 Cal. Jur. 119), unless it is made to appear that he had no opportunity to ask such permission. (*Metzger* v. *Vestal*, 76 Cal. App. 409 [244 Pac. 942].)

The judgment is affirmed.