### CAUDLE et al. v. BRANNON et al.

No. 25345.　March 24, 1936.

Edwin T. Watkins and A. M. Dobbs, for plaintiffs in error.

Babb & Babb and C. T. Bennett, for defendants in error.

PER CURIAM. This appeal presents for consideration the correctness of the judgment of the district court of Le Flore county. The action was originally commenced by the defendants in error against Le Flore Poteau Coal Company to recover alleged royalty due on coal mined under a certain lease executed on the 16th day of August, 1923, by and between one J. J. Phillips, the owner of the land described therein, and these defendants in error. The defendants in error opened and operated a coal mine pursuant to the terms of the lease, and subsequently assigned the same to one W. E. Skinner, who in turn assigned same to the New Hope Mining Company, a corporation. The original defendant filed its answer, which disclosed that certain persons were proper and necessary parties to the action, and interested in the land and operations of the coal mine, and by order of the court such persons and parties were brought into the case, which included these plaintiffs in error. The interest of plaintiffs in error is indicated by conveyance to them of the title to the lands covered by the coal lease, and also by transfer to them of the interest of New Hope Mining Company of any of its interest in the coal property. The New Hope Mining Company operated the mine for some years, and during such operations experienced financial difficulties which necessitated the appointment of a receiver of the property of such operator. The receiver so appointed leased the coal mine, and his lessee operated the same for some years. On May 9, 1932, the plaintiffs in error entered into an independent coal lease on the lands described in the original lease to defendants in error, and in such lease refused to consider the interests of these defendants in error, if any they had. The trial court held that the lease of May 9, 1932, was a valid lease and binding on all parties, and further held that the defendants in error had a vested interest in the property for the full term of 20 years, and were entitled to receive the sum of ten cents per ton as royalty on the coal mined from such lands for the full term of 20 years. We do not deem it expedient to set forth in this opinion the various instruments involved in the action, such as the coal leases, assignments, and release, but will discuss the important and relevant terms thereof.

The first question which presents itself for our consideration and determination is the correctness of the judgment of the trial court in holding that the defendants in error had a vested interest in the lands described in the original lease to them, for the full term thereof, namely 20 years. A careful examination of this lease discloses that it conveyed unto the defendants in error the exclusive right to explore for coal, the right to erect and maintain buildings thereon, open coal mines on the property, transport coal across the land, and operate machinery thereon for the purpose of and in connection with the operation of coal mines thereon, and further to use timber thereon for mining purposes. This instrument further provides:

"Said parties of the second part, their successors and assigns, shall have and hold the said premises for the said purpose and for the purpose of transporting coal that may be mined from adjoining land, during the full term of 20 years next ensuing the day and year above written."

Said instrument further provided for the payment of royalty to the landowner on coal mined, and further, for the termination of the lease by agreement of the parties or abandonment thereof, and for the removing of property placed thereon. We interpret this lease as conveying unto the defendants in error an interest in the lands described therein for the full term of 20 years from date thereof, unless terminated by abandonment or release or conveyance by the said defendants in error. The trial court held likewise.

Next, we shall consider whether or not the defendants in error disposed of their interest in the lands involved in this action by conveyance or otherwise. It is the contention of plaintiffs in error that the said defendants in error assigned all of their

right, title, and interest in such lands when they executed a certain instrument to one W. E. Skinner. It appears that the defendants in error, immediately upon the execution of the lease to them, proceeded to operate thereunder. They constructed buildings on the lands, built a tipple, opened a coal mine thereon, and installed certain coal mining equipment, and produced coal from the lands. That on the 25th day of July, 1924, they entered into an agreement with one W. E. Skinner, which instrument was denominated a "sublease." This agreement provided that W. E. Skinner was to operate and use said lands for the purposes designated in the original lease to the defendants in error, and for the same term, and provided for the payment of certain royalty to the original lessor and to the defendants in error. It further stated that the said W. E. Skinner was to succeed to all of the rights and privileges which the defendants in error obtained or had. It further provided as follows:

"It is also agreed and understood that the second party is to have during the term and period of this lease the use of the following property located on or near said premises, to wit: Tipple, track, pit cars, scales, and all buildings now used by first parties in the operation of the mine located on said premises."

It further provided that W. E. Skinner had the right of removing all property placed on said lands by him. The plaintiffs in error contend that the last-described instrument was an assignment and not a "sublease"; by reason thereof, they, the defendants in error, disposed of all of their interest in the original lease to them and consequently all of their interest in the lands covered by said original lease. Our views on this question are the same as those of the trial court. We interpret the instrument as a sublease. In the case of Saling v. Flesh (Mont.) 227 P. 612, it was held:

"Whether an instrument has the legal effect of an assignment or a sublease depends on intention of the parties."

The instrument under consideration discloses on its face the intention of the parties. The defendants in error had and held a reversionary interest in the property, and had no intention of transferring and conveying their full interest therein to the said W. E. Skinner. It is the general rule that the distinction between an assignment of a lease and a sublease is that, in an assignment, the assignor transfers his entire interest in the lease; whereas in a sublease, the original lessee, or sublessor, retains some interest in the lease in so far as it affects the property covered thereby, by providing for additional rentals or royalties, or providing for the use of certain property owned exclusively by the sublessor. Robinson v. Pioneer Gas Co., 173 La. 314, 82 A. L. R. 1264; Williams v. Hinckley (Cal. App.) 293 P. 644; Holden v. Tidwell, 37 Okla. 553, 133 P. 54.

In the matter under consideration, the instrument provided for the payment of royalty to them, and also retained title to certain property placed on the leasehold, and granted its use only in the operation of the mine. The intention of the parties must be given effect, as it is the controlling consideration.

The next proposition advanced by plaintiffs in error is with reference to the alleged release executed by New Hope Mining Company. It is disclosed by the record that W. E. Skinner assigned all of his interest in the lease to the New Hope Mining Company, and this company, as assignee, executed a release to the plaintiffs in error, the owners of the land at the time such release was executed, and therefore all interests of defendants in error was terminated by the execution of such release. The legal effect of this release had no bearing upon the vested or retained rights of defendants in error in the land covered by the lease. They were not parties to this release, and therefore they could not be affected thereby. If W. E. Skinner could not effectively release the land from the burden of the coal lease, then his assignee could not do so. In view of our holding herein that the lease in question vested certain interests in the defendants in error, and their conveyance to W. E. Skinner was a "sublease," the legal effect of any release executed by New Hope Mining Company is immaterial. Further, the record discloses a close relationship existing between the officers of New Hope Mining Company and the plaintiffs in error, at the time the alleged release was entered into and that it appears same was made for the benefit of the landowners these plaintiffs in error. However, if all parties had been strangers to the transaction, the legal effect of the release would be the same. It was not binding upon the defendants in error.

We are convinced the equities in this case rest with the defendants in error, and therefore the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys G. R. Horner, E. F. Maley, and C. B. McCrory in the preparation of this opinion. These attorneys constituted an ad-

visory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Horner and approved by Mr. Maley and Mr. McCrory, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J.. and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.