Opinion
 

 BRAY, J.
 
 *
 

 —Cross-complainants and appellants Chris Márchese, Lena Márchese, Rosalie Cacitti, Carmen Russo, individually and as partners doing business as Márchese Farms, appeal from the judgment of dismissal of the Santa Clara County Superior Court of the first cause of action in the cross-complaint in favor of cross-defendants and respondents Standard Realty and Development Company and Western Pacific Railroad Company.
 

 
 *145
 
 Issues Presented
 

 1. Where the original lessor has approved the sublessee as a tenant the sublessee may sue the original lessor for breach of the implied covenant of quiet enjoyment.
 

 2. The tenant need not vacate the property before bringing an action for breach of the implied covenant of quiet enjoyment.
 

 3. There was a sufficient allegation that lessor breached the implied covenant of quiet enjoyment.
 

 Record
 

 On September 2, 1975, Raisch Construction Company filed a complaint against the City of Milpitas alleging that it had contracted with the city to construct certain municipal improvements on Wrigley Drive and related streets and that the city had allowed the real property upon which the improvements were to be constructed to become flooded, delaying the project for one year, and caused plaintiff damage in the amount of $122,000 in increased costs of materials ultimately used in the construction. The city cross-complained for indemnity from various owners and lessees of land abutting Wrigley Drive and related streets alleging that the cross-defendants were negligent in connection with their operation and maintenance of their property and thus caused water to drain and accumulate in the public right-of-way. Among the owners named was Standard Realty and Development Company and among the lessees were Kenneth Johnson and J. C. Farms Company, Inc. Standard Realty and Development Company then cross-complained for indemnity against J. C. Farms Company, Inc. and Chris Márchese, Lena Márchese, Rosalie Cacitti and Carmen Russo, individually and as partners doing business as Márchese Farms (hereinafter Márchese Farms) alleging that J. C. Farms Company, Inc. and Márchese Farms entered into a lease of the property owned by Standard Realty and Development Company under which Márchese Farms took control of the premises and asserting that Standard Realty and Development Company did not take part in any acts asserted as damaging to Raisch Construction Company. A copy of the lease is attached to the pleading as an exhibit. J. C. Farms then cross-complained on the same basis against Márchese Farms.
 

 Márchese Farms filed the pleading that has given rise to this appeal—a cross-complaint for breach of covenant of quiet enjoyment,
 
 *146
 
 negligence and trespass. Cross-defendants named were Standard Realty and Development Company, J. C. Farms, Raisch Construction Company, Ernest E. Pestaña, Inc., Western Pacific Railroad Company, Milpitas Industrial Properties. In this cross-complaint, Márchese Farms alleged that Standard Realty and Development Company and Milpitas Industrial Properties own some 285 acres of real property leased by J. C. Farms Company, Inc. and subleased by Márchese Farms. The land was used by Márchese Farms for farming and Standard Realty and Development Company, Milpitas Industrial Properties and J. C. Farms Company, Inc. impliedly covenanted not to interfere with Márchese Farms’ quiet enjoyment and possession of said property. They, however, breached their implied covenant by interfering with the water supply to the real property and by allowing others to interfere with the water supply. As a result, Márchese Farms was deprived of irrigation water and was able to cultivate and harvest only a substantially smaller fruit and vegetable crop than would otherwise have been produced.
 

 In the second cause of action, Márchese Farms alleges that cross-defendants so negligently constructed the street improvements that they interfered with Márchese Farms’ water supply and in the third cause of action, Márchese Farms alleges that cross-defendants intentionally trespassed upon the water supply.
 

 Standard Realty and Development Company and Western Pacific Railroad Company demurred to the first and third causes of action. The demurrer to the first cause of action was sustáined without leave to amend and judgment of dismissal was thereafter filed.
 

 1.
 
 Where the original lessor has approved the sublease as a tenant the sublessee may sue the original lessor for breach of the implied covenant of quiet enjoyment.
 

 The first ground urged in support of the general demurrer is the general rule that a sublessee may not sue the original lessor for breach of covenant in the over-lease. Although Standard Realty and Development Company, the owner and original lessor of the property, alleged in its cross-complaint that both J. C. Farms and Márchese Farms entered into “a certain written lease,” the lease itself recites that J. C. Farms Co., Inc. is the lessee, and that lessee “shall have the right to sub-let to Márchese Farms which shall agree to be bound by all the terms of this lease and indicate such agreement by signing in the space provided herein.” In its cross-complaint and opposition to demurrer, Márchese Farms acknowl
 
 *147
 
 edges its relationship with Standard Realty and Development Company as one of sublessee rather than lessee.
 

 The reason for the general rule that a sublessee may not sue the lessor for breach of covenant is that, as between an original lessor and a sublessee, there is no privity of contract. The sublessee is in privity only with his own sublessor.
 
 (Handleman
 
 v.
 
 Pickerill
 
 (1927) 84 Cal.App. 214, 218-219 [257 P. 890].) However, if the sublessee has assumed the covenants of the original lease, lessor is a third party beneficiary and has the right to go directly against the sublessee.
 
 (Hartman Ranch Co.
 
 v.
 
 Associated Oil Co.
 
 (1937) 10 Cal.2d 232, 244-245 [73 P.2d 1163]; see generally 49 Am.Jur.2d, Landlord and Tenant, §§ 508, 509, 510, pp. 487-490.)
 

 Similarly, it is concluded that if a lessor has expressly agreed to a sublease, the sublessee is a third party beneficiary to the implied covenant of quiet enjoyment in the original lease and has the right to go directly against the lessor for its breach. This conclusion rests upon the nature of the implied covenant of quiet enjoyment. The promise implied from the lease is that the lessor will allow possession and quiet enjoyment of the premises during the term contracted for and will not by his own acts disturb the possession of the tenant. (Civ. Code, § 1927; see
 
 Petroleum Collections, Inc.
 
 v.
 
 Swords
 
 (1975) 48 Cal.App.3d 841, 846 [122 Cal.Rptr. 114].) If a lessor has agreed to a sublease, it can only be concluded that he intended to allow the sublessee to peacefully occupy the property. When, as in the instant case, the lease itself contains a provision that the property may be sublet to a named party, in this case Márchese Farms, it follows that Márchese Farms is the beneficiary of lessor’s promise to allow Márchese Farms to occupy the property.
 

 While it is concluded that Márchese Farms may state a cause of action for breach of covenant against the lessor, Standard Realty and Development Company, there appears to be no way it can state a cause of action against Western Pacific Railroad Company which is not a party to the lease. Appellant in its closing brief points out that its failure to include specific allegations in the cross-complaint against Western Pacific was first raised on appeal and that it should have been allowed to amend the complaint to specifically present charging allegations against Western Pacific. “Leave to amend should be denied where the facts are not in dispute, and the nature of the plaintiff’s claim is clear, but, under the substantive law, no liability exists.” (3 Witkin, Cal. Procedure (2d ed. 1971) § 847, p. 2451.) The cause of action is for breach of a covenant of
 
 *148
 
 the lease and the lease is before the court. Márchese Farms does not suggest any way that Western Pacific could have a duty under the lease. Clearly, no amendment would change the result and the dismissal as to this party is affirmed.
 

 2.
 
 The tenant need not vacate the property before bringing an action for breach of the covenant of quiet enjoyment.
 

 The lessor also contended in its demurrer that a tenant must vacate the property before bringing an action for breach of the implied covenant of quiet enjoyment. The court in
 
 Guntert
 
 v.
 
 City of Stockton
 
 (1976) 55 Cal.App.3d 131, 140-141 [126 Cal.Rptr. 690, 127 Cal.Rptr. 602] has recently held that a tenant may elect to stand upon the lease, remain in possession and sue for breach of contract damages for a breach of the implied covenant.
 

 Lessor in the case at hand attempts to distinguish
 
 Guntert
 
 by arguing that the suit was actually based upon the breach of an express covenant in the lease. In
 
 Guntert,
 
 the lessor had terminated the lease pursuant to a provision that permitted termination on 18 months’ written notice if and when the city decided to accept a bona fide development offer from third parties. The trial court held that the city breached an implied contractual duty to inquire into the bona lides of the third parties’ development offer. While lessor is correct in noting that the breach of the implied covenant of quiet enjoyment was by way of another contract breach in
 
 Guntert,
 
 the reasoning of
 
 Guntert
 
 does not depend upon this factor. To inflexibly apply a rule requiring tenant to vacate is particularly inappropriate where a sublessee brings suit against the original lessor, for to quit the premises would involve the rights and duties of the sublessee vis-a-vis his sublessor. It is concluded, therefore, that the rule in
 
 Guntert
 
 should be applied in the instant case.
 

 3.
 
 There was a sufficient allegation that lessor breached the implied covenant of quiet enjoyment.
 

 The final ground for the demurrer was failure to allege that lessor itself interfered with the sublessee’s possession of the premises. Lessor points out that the covenant is a warranty by the lessor against his
 
 own acts,
 
 not against those of strangers.
 
 (Carty
 
 v.
 
 Blauth
 
 (1915) 169 Cal. 713, 717 [147 P. 949];
 
 Lost Key Mines, Inc.
 
 v.
 
 Hamilton
 
 (1952) 109 Cal.App.2d 569, 573 [241 P.2d 273].) The fact that sublessee did not specify which of the nine cross-defendants allegedly interfered with the water supply is
 
 *149
 
 not fatal to the cross-complaint since the pleading
 
 does
 
 allege that Standard Realty and Development Company interfered with the water supply.
 

 The judgment is affirmed as to the Western Pacific Railroad Company and reversed as to Standard Realty and Development Company. Each party to bear its own costs on appeal.
 

 Feinberg, Acting P. J., and Devine, J.,
 
 *
 
 concurred.
 

 *
 

 Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.
 

 *
 

 Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.